### In re SHANNON'S ESTATE.

(*Supreme Court, General Term, Second Department.* June 25, 1888.)

EXECUTORS AND ADMINISTRATORS — PROBATE PRACTICE — PAYMENT OF DEBTS OUT OF PROCEEDS OF LAND.

A surrogate's court may, upon an accounting before it of executors, order the payment of an undisputed claim against their testator, out of funds in the hands of the executors arising from the sale of real estate under a power in the will, the personalty being exhausted, though the real estate was not devised for the payment of debts, but was specifically devised with power to the executors, with the consent of the widow, to sell said lands, and invest the proceeds for the benefit of the specific devisees.

Appeal from surrogate's court, Kings county.

Appeal from an order of the surrogate's court of Kings county, in the matter of allowance of a claim in favor of the estate of Abram B. Baylis against the estate of James Shannon. The claim being allowed and ordered paid out of funds in the hands of the executors of said Shannon's will arising from the sale of real estate under the will, certain devisees thereunder appealed. The will of James Shannon gave power to his executors, with the consent of the widow, to sell certain lands specifically devised, and invest the funds for the use and maintenance of the persons taking such lands as devisees, and it was out of funds thus raised, the personalty being exhausted, that appellants were ordered to pay said claim.

*Alexander H. Van Cott,* for appellants. *Adrian Van Sinderen,* for respondents.

DYKMAN, J. This is an appeal from an order of the surrogate of Kings county overruling certain objections to the accounts of the executors, and directing payment of the general debt out of the proceeds of property sold by them under a power contained in the testator's will. The executors having presented a petition for a judicial settlement of their accounts, certain creditors were cited to appear and attend upon such accounting; and the executors of the last will and testament of Abram B. Baylis interposed a claim against the estate of James Shannon, deceased, for the sum of $4,000, and the surrogate made a decree for its payment out of the moneys in the hands of the executors arising from the sale of the real estate of the deceased. The claim of the executors of Baylis was undisputed, and the only question involved on this appeal is whether, under the circumstances, the surrogate had power to decree the payment to the executors of Baylis of the principal of the said in-

debtedness. The estate of the testator, whether personal or real, was, under all circumstances, liable for debts contracted by the deceased during his lifetime, without regard to any disposition which he may have made of his property by his last will and testament. A will operates only upon such property as the testator has, or upon such as remains subject to its provisions after the payment and satisfaction of all just debts of the testator, and he can make disposition of nothing more than he actually owns. It seems to be, therefore, unnecessary to decide many of the questions raised by the appellant upon this appeal, and our conclusion is that the decree should be affirmed, with costs.